IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBRA L. DUGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-0739-CV-W-ODS |
| ) | |
| BANKERS LIFE AND CASUALTY ) | |
| COMPANY and DAN STEVENS, ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION DENYING PLAITNIFF'S MOTION FOR RECONSIDERATION

On August 9, 2005, the Court granted Defendant Bankers Life and Casualty Company's Motion for Partial Summary Judgment and granted judgment against Plaintiff on Count II. Plaintiff has filed a Motion for Reconsideration (Doc. # 85) which is denied.[1]

Count II asserted a state law claim for wrongful termination. Under Kansas law (which governs this claim), Plaintiff was considered an at-will employee. Kansas law recognizes few exceptions to the employer's right to terminate an at-will employee, and those exceptions are very narrow. Plaintiff invoked the exception for whistleblowers which, as explained in the Court's August 9 Order, required as one of the elements proof Plaintiff reported misconduct and proof the employer knew of the report. The record established Plaintiff did not report the alleged misconduct until after she was terminated.

Plaintiff contends there is a factual dispute as to whether Dan Stevens told Mike Lees about his (Stevens') actions before Plaintiff was terminated. The Court agrees there is a factual dispute on this point,[2] but this point is not relevant to the governing legal

---

[1] While Defendants have not had an opportunity to respond, the Court sees no harm in considering the motion prematurely given that the motion will be denied. Doing so will also allow the parties to have the maximum possible information while Plaintiff considers the pending Offer of Judgment.

[2] Stevens testified he believed he told Lees about his actions, but did not indicate what he believed he told him. Lees denied being told anything about Stevens' actions until after Plaintiff was terminated.

inquiry. Kansas law requires proof that *Plaintiff* reported the misconduct; after all, the exception is for whistleblowing. Plaintiff also insists Defendant failed to follow its own procedures before terminating her employment, but this point is also not relevant under the governing inquiry.

IT IS SO ORDERED.

DATE: August 17, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT